**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Keith Sherrill, | No. CV-22-01274-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Douglas Van Cleave, Jr.; and United States of America, | |
| Defendants. | |

A state court granted Plaintiff Patrick Sherrill's petition for an injunction against harassment.  Doc. 1-5.  Defendant Douglas Van Cleave then removed the action to this Court and Defendant United States substituted into the case and filed a motion to dismiss for lack of subject matter jurisdiction.  Docs. 1, 4, 6.  Plaintiff filed no response.  For reasons stated below, the Court will grant the motion and vacate the injunction.

**I.     Background.**

Sherrill and Van Cleave work for the United States Department of Veterans Affairs.  Van Cleave is a Supervisory General Engineer for Capital Projects and his official duties include managing and supervising Sherrill, who is an engineer in the Capital Projects section.  Doc. 4 at 3.  On July 1, 2022, Sherrill filed a petition for an injunction against harassment in the Country Meadows Justice Court in Avondale, Arizona.  Doc. 1-4 at 2; *see Sherrill v. Van Cleave*, No. CC2022-107441 (Maricopa Cnty. Justice Ct. July 1, 2022).

The petition alleges that Van Cleve made inappropriate comments to Sherrill, yelled and pointed his finger in Sherrill's face, blocked Sherrill from leaving a room, and struck a shelf near Sherrill's face.  Doc. 1-5 at 4.  The state court entered an ex parte injunction prohibiting Van Cleave from having contact with Sherrill and going near his residence and their workplace at the Carl T. Hayden Veterans' Administration Medical Center in Phoenix, Arizona.  *Id.* at 2-3.  The injunction is effective until July 11, 2023, one year from the date of service.  *Id.* at 2; Docs. 1-4 at 2, 1-6 at 2.[1]

On July 28, 2022, Van Cleave removed the case to this Court pursuant to a federal officer removal statute, 28 U.S.C. §1442(a), which provides that a defendant in a state court action may remove the action to federal court if the defendant is an "officer (or any person acting under that officer) of the United States" and the action "relat[es] to any act under color of such office[.]"  28 U.S.C. § 1442(a)(1); *see* Doc. 1 ¶ 4.  The primary purpose of this removal statute "is to protect the lawful activities of the federal government from undue state interference[,]" and § 1442(a) "serves to overcome the 'well-pleaded complaint' rule that would otherwise preclude removal even if a federal defense is asserted."  *Weis v. DSM Copolymer, Inc.*, 160 F. Supp. 3d 954, 962 (M.D. La. 2016) (citing *Mesa v. California*, 489 U.S. 121, 126, 136 (1989)); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (explaining that the right of removal "is absolute for conduct performed under color of federal office, and . . . the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)"); *Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (finding removal under § 1442(a)(1) to be proper because, "[a]s a postal worker, Bello acted under an 'officer' of the United States, and the dispute related to a federal workplace disciplinary action") (citations omitted).

The United States Attorney's Office has certified that Van Cleave was acting within the scope of his employment with the Department of Veterans Affairs at the time of the workplace conduct alleged in Sherrill's petition.  Docs. 1-1 at 1-2, 6 ¶ 10 (citing 28 U.S.C.

---

[1] Van Cleave accepted a new position at the Veteran Affairs office in San Francisco, California, and planned to transfer to that position on August 13, 2022.  *See* Doc. 4 at 2 n.2, 4-1 at 4.

§ 2679(d)(1)).  This certification "conclusively establishes, for the purpose of removal, that [Van Cleave] was acting within the scope of his employment, and thus under color of office[.]"  *Gilbar v. United States*, No. C-3-98-11, 1998 WL 1632693, at *4 (S.D. Ohio July 10, 1998); *see Dickson v. Wojcik*, 22 F. Supp. 3d 830, 836 (W.D. Mich. 2014) (same).  Sherrill has not filed a motion to remand or otherwise challenged the propriety of removal under § 1442(a)(1).[2]

Because Sherrill is proceeding pro se, the Court issued a notice informing him about available resources for pro se litigants, including this District's Handbook for Self-Represented Litigants, the Federal Court Advice-Only Clinic which offers free legal help to pro se litigants through the Volunteer Lawyers Program, the Federal Rules of Civil Procedure, and the Court's Local Rules of Civil Procedure.  Doc. 3 at 6-7.[3]  The notice also warned Sherrill that if he failed to respond to a motion, the Court may assume he consents to the motion under Local Rule of Civil Procedure 7.2(i).  *Id.* at 6.

On August 4, 2022, the United States filed a notice substituting itself for Van Cleave as the defendant in this case and moved to dismiss under Federal Rule of Civil Procedure 12(b)(1).  Docs. 4, 6 (citing 28 U.S.C. § 2679(b)(1) (providing that a suit against the United States under the Federal Tort Claims Act shall be the exclusive remedy for persons with

---

[2] Although the workplace misconduct alleged in Sherrill's petition may constitute intentional torts on the part of Van Cleave, he was still acting under color of federal office for purposes of § 1442(a)(1).  *See Dickson*, 22 F. Supp. 3d at 836 ("Employment encompasses acts taken to further the employer's purpose.  This holds true even if the actions amount to intentional torts or disobedience of the employer's express or implied orders.") (citations omitted); *Phinney v. Crowder*, No. 2:08CV00186 SWW/JTR, 2009 WL 1616006, at *2 (E.D. Ark. June 8, 2009) (finding that the alleged defamation occurred under color of office because the defendant's only contact with the plaintiff occurred while he was working as a correctional officer at a federal institution); *Willingham v. Morgan*, 395 U.S. 402, 409 (1969) ("If the question raised is whether [petitioners] were engaged in some kind of 'frolic of their own' in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state, court.  This is exactly what the removal statute was designed to accomplish.").

[3] *See* U.S. District Court, District of Arizona, *Rules, General Orders, and Forms*, https://www.azd.uscourts.gov/; *Information for those Proceeding Without an Attorney (Pro Se)*, https://www.azd.uscourts.gov/proceeding-without-attorney; *Federal Court Advice-Only Clinic – Phoenix*, https://www.azd.uscourts.gov/federal-court-advice-only-clinic-phoenix (last visited Oct. 20, 2022).

claims resulting from the tortious acts of federal employees taken within the scope of their employment)).

## II.    Subject Matter Jurisdiction and the Rule 12(b)(1) Standard.

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once jurisdiction is challenged in a Rule 12(b)(1) motion, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id.* (citations omitted); *see Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (same). To establish jurisdiction over claims brought against the United States and its employees, the plaintiff must demonstrate both "statutory authority granting subject matter jurisdiction over the claims" and "a waiver of sovereign immunity." *E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1357 (9th Cir. 1993) (citation omitted). Unless the plaintiff "satisfies the burden of establishing that [his] action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

A Rule 12(b)(1) motion can be either a facial or factual attack on jurisdiction. *See Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack asserts that the allegations in the operative pleading, even when taken as true, are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## III.    The Motion to Dismiss.

The United States' motion to dismiss is a facial attack on jurisdiction. Doc. 4 at 4. The United States notes, correctly, that it enjoys sovereign immunity from civil suits absent its consent, and that this immunity extends to federal officials and employees acting within their statutory authority or scope of employment. *Id.* at 5 (citing *Dugan v. Rank*, 372 U.S. 609, 622 (1963); *Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 688 (1949));

*see also Hendy*, 555 F. App'x at 226 ("A suit against a government officer in her official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Simpkins v. Shalala*, 999 F. Supp. 106, 119 (D.D.C. 1998) ("[F]ederal employees enjoy absolute immunity for torts committed while acting within the scope of their employment" and a plaintiff's "sole remedy . . . is against the government, even if the government would not be liable due to sovereign immunity.") (citing 28 U.S.C. § 2679; *United States v. Smith*, 499 U.S. 160, 166 (1991)).  The United States argues that the Court lacks subject matter jurisdiction because the petition alleges misconduct in a federal workplace and the United States has not waived sovereign immunity to allow an injunction against harassment by one federal employee against a supervisory employee in the federal workplace.  Doc. 4 at 4-9.[4]

Given his pro se status, the United States provided notice to Sherrill regarding the nature of the motion to dismiss under Rule 12(b)(1) and Sherrill's obligation to respond to the motion.   Doc. 5; *see Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998) (discussing the notice required for summary judgment motions and concluding that "either the court or the moving party may provide the requisite notice"); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012) (requiring a notice similar to the notice described in *Rand* for motions to dismiss for failure to exhaust administrative remedies).  Despite this notice and the Court's separate warning, Sherrill has filed no response to the motion to dismiss and the time for doing so has passed.  *See* LRCiv 12.1(b), 56.1(d) (providing 30 days to file a response).

### A.     Conduct in the Federal Workplace.

The injunction against harassment entered by the state court provides that Van Cleave "shall have no contact with [Sherrill] except through attorneys, legal process, [and]

---

[4] The United States also notes that no waiver of sovereign immunity can be found under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, because: (1) Sherrill has not exhausted his administrative remedies as required under the FTCA; (2) the FTCA's waiver of immunity does not apply to assault, battery, and false imprisonment claims – the substantive thrust of the conduct alleged in Sherrill's petition; and (3) the FTCA does not provide for non-monetary relief such as an injunction against harassment.  *Id.* at 9-12.

court hearings," and "shall not go to or near" Sherrill's residence or workplace at the Department of Veterans Affairs.  Doc. 1-5 at 2.

To the extent the injunction restrains Van Cleave from having contact with Sherrill at the federal workplace and going to the workplace, the Court agrees with the United States that the injunction is barred by sovereign immunity.  *See* Doc. 4 at 4-9.  "The challenged acts were taken by [Van Cleave] under color of his office as a supervisor for the United States [Department of Veterans Affairs], an agency of the federal government. [Sherrill] has not alleged or shown any possible basis for a waiver of sovereign immunity, such as the [FTCA], which does not apply to claims for equitable relief[.]"  *Leak v. Gomez*, No. 21-2024-JWB, 2021 WL 3051873, at *3 (D. Kan. July 20, 2021).  Indeed, "'federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace,' . . . on sovereign immunity grounds."  *Cui v. United States*, No. CV 22-470, 2022 WL 2664348, at *4 (E.D. La. July 9, 2022) (quoting *Perkins v. Dennis*, 2017 WL 1194180, at *2 (D. Md. Mar. 30, 2017) (collecting cases)); *see Chambers v. Reid*, No. CV TDC-19-0137, 2019 WL 1992348, at *3 (D. Md. May 6, 2019) ("[T]o the extent the Petition seeks to restrain Reid from contacting Chambers at the Germantown Post Office based on workplace conduct, it is dismissed on sovereign immunity grounds."); *Hendy*, 555 F. App'x 225-27 (dismissing a postal worker's petition for an order restraining her supervisor from going to their workplace); *Harris v. Weaver*, No. 4:19-cv-02937-AGF, 2020 WL 601610, at *2 (E.D. Mo. Feb. 7, 2020) (restraining orders pertaining to harassment in a federal workplace are barred by sovereign immunity) (citing *Figueroa v. Baca*, No. ED CV 17-1471 PA (AGRx), 2018 WL 2041383, at *3 (C.D. Cal. Apr. 30, 2018); *Sidler v. Snowden*, No. AW-13-658, 2013 WL 1759579, at *2 (D. Md. Apr. 23, 2013)); *see also Clark v. United States*, No. C21-507 MJP, 2021 WL 3129623, at *2 (W.D. Wash. July 23, 2021) ("[T]he allegations in the petition cut against jurisdiction because the relief sought would interfere with duties carried out by a federal employee at a federal workplace, in conflict with the Supremacy Clause. . . .  The relief sought would restrict Mr. Ryan's conduct at work in various ways,

including by restraining him from the Parties' workplace for over a year.   Courts considering similar circumstances have reached the same conclusion – there is no subject-matter jurisdiction here.") (citing *Hendy*, 555 F. App'x at 226-27).

Because the United States has not waived sovereign immunity, the Court will vacate the injunction to the extent it restrains Van Cleave from having contact with Sherrill at their federal workplace and going to the workplace, and dismiss Sherrill's petition in this regard for lack of subject matter jurisdiction.  *See Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015) ("Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the federal government.") (citations and brackets omitted); *Cui*, 2022 WL 2664348, at *4 ("Sovereign immunity 'is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.'") (citation omitted); *Leak*, 2021 WL 3051873, at *2 ("Federal courts do not have subject matter jurisdiction over claims that are barred by sovereign immunity.").[5]

## B.     Conduct Outside the Federal Workplace.

As already noted, the state court's injunction covers more than workplace conduct: it prohibits Van Cleave from going to or near Plaintiff's residence.  Doc. 1-5 at 2.  Because such conduct would not fall within Van Cleave's scope of employment or under color of his office as a supervisor for the Department of Veterans Affairs, it would not implicate sovereign immunity.  *See Chambers*, 2019 WL 1992348, at *3.

But Sherrill's petition is limited to Van Cleave's actions in the federal workplace. Doc. 1-5 at 4-5.   It does not allege that Van Cleave ever visited Plaintiff's residence or attempted to contact or harass Sherrill outside the workplace.   The petition therefore provides no basis for an injunction or any other judicial action for conduct outside the

---

[5] This dismissal in no way condones any alleged mistreatment of Sherrill by Van Cleave.  Relief from such conduct, if warranted, lies with the federal Equal Employment Opportunity process.  *See Chambers*, 2019 WL 1992348, at *3; U.S. Equal Employment Opportunity Commission, https://www.eeoc. gov/federal-sector/overview-federal-sector-eeo-complaint-process (last visited Oct. 20, 2022).

workplace.  As a result, the Court will vacate the injunction and dismiss this action to the extent it concerns Van Cleave's conduct outside the federal workplace.

**IT IS ORDERED:**

1.      The United States' motion to dismiss for lack of subject matter jurisdiction (Doc. 4) is **granted**.

2.      The injunction against harassment entered by the Country Meadows Justice Court (Doc. 1-5 at 2-3) is **vacated** and Plaintiff's petition (*id.* at 4-5) is **dismissed**.

3.      The Clerk of Court shall terminate this action.

Dated this 25th day of October, 2022.

David G. Campbell
Senior United States District Judge